712 S.E.2d 54

**STATE of West Virginia, Plaintiff Below, Appellee**

v.

**WILLIAM M., Defendant Below, Appellant.**

No. 35130.

Supreme Court of Appeals of West Virginia.

Submitted March 3, 2010.

Decided March 11, 2010.

Concurring Opinion of Justice Benjamin July 26, 2010.

Scott A. Windom, Esq., Paul V. Morrison, II, Esq., Harrisville, WV, for Appellant.

Timothy L. Sweeney, Esq., Prosecuting Attorney of Pleasants County, West Virginia, St. Marys, WV, for Appellee.

For majority opinion, see 225 W.Va. 256, 692 S.E.2d 299.

BENJAMIN, J., concurring:

In just over a century, the technology relating to the capturing of visual images has evolved dramatically. This has been particularly so in the last three decades as digital cameras have rapidly replaced film cameras. By the end of this year, the last remaining photographic laboratory which develops Kodachrome will stop doing so. Digital cameras are everywhere, from cell phones to traffic intersections. It is the nature of our legal system that each significant change in technology brings with it evidentiary concerns in the legal arena.

Film Photography has been a valuable means of collecting and perpetuating evidence. Digital technology promises to enhance this. For instance, in the digital realm, copies can be made with little or no degradation in image quality. Digital photography has made the recordation and preservation of visual images cheaper and easier. For most everyday purposes, it has replaced film photography. I concur in the majority opinion. This opinion represents a natural evolution of our *Rules of Civil Procedure* to meet changes in technology and society.

That is not to say, however, that this new and promising technology is without some measure of peril in the evidentiary sense. While many of these concerns apply to film photography also, others are unique to digital photography and will require the courts and counsel to educate themselves on basic information related to this new technology. This education process includes how digital cameras capture information, how such information can be altered, and how such information is stored. Digital photographs capture visual images and store such images in a database or other storage device, rather than on negative film or paper. Since the digital data consists of only numbers, computer conversion programs are necessary to add or remove information. Corruption of data is a concern for all forms of information stored in such a digital form. Such corruption may be accidental, intentional or fraudulent. In other words, necessary challenges may become apparent only after one educates himself or herself about the nuances of digital imaging.

As with film photography, the basic evidentiary inquiry is whether the images being proffered are reliable, and whether such images help or hinder the finder of fact. The same two basic evidentiary concerns of authenticity (and with it, verification) and relevance are primary to the admission of digital images. In some situations, chain of custody and best evidence (if offered for its truth) may be at issue. Though the evidentiary mechanisms are the same, the nature of the digital medium and its technology may create new and different issues in courtrooms; thus, my strong suggestion that courts and counsel educate themselves.

For the legal system, digital images may be worth a thousand words. But without proper evidentiary attention, such images could also be worth a thousand deceptions. Our ruling here accommodates a new technology with many promises, but with some concerns. Digital images may be more readily subject to manipulation and enhancements (some subtle, such as color, contrast,

lighting and shadow). The rigors of the evidentiary process must be used to ensure that the evidence given to the fact-finder is reliable.

Just over one hundred years ago, the concerns were a bit different:

It is common knowledge that as to such matters, either through want of skill on the part of the artist, or inadequate instruments or materials, or through intentional and skillful manipulation, a photograph may not only be inaccurate but dangerously misleading.

*Cunningham v. Fair Haven & Westville R. Co.*, 72 Conn. 244, 43 A. 1047 (1899). With each major change in technology will come new challenges for our evidentiary rules. Through able judges and counsel, our rules have shown the flexibility to keep up with such changes.